1    WO                                                                              MDR

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9    Juan Velazquez,                            No.   CV 14-00941-PHX-SPL (MEA)

10                        Plaintiff,

11   vs.                                         **ORDER**

12   James Logan, et al.,

13

14                        Defendants.

15

16        On March 20, 2014, Plaintiff Juan Velazquez, who is confined in the Maricopa
17   County Fourth Avenue Jail, filed a Complaint in the Superior Court of Maricopa County
18   against Defendants James Logan, Michelle McCloskey, Tammy Hardy, Tom Manos,
19   Sandy Wilson, and Maricopa County.  On April 1, he filed an Amended Complaint.  On
20   May 2, Defendants Maricopa County, Wilson, and Manos ("Removing Defendants")
21   filed a Notice of Removal.

22        On May 6, 2014, Removing Defendants and Defendant Logan filed a Notice
23   informing the Court that they were waiting for the Court to issue a screening order before
24   filing an answer to the Amended Complaint.  On May 9, Plaintiff filed a Motion to Seal
25   (Doc. 5) and lodged under seal a Rule 65(b) Motion (Doc. 6).  On May 23, Plaintiff filed
26   a "Response to Defendants['] Screening Motion."

27        On May 29, 2014, Plaintiff filed an Objection to Removal (Doc. 9).  On June 4, he
28   filed a "Request for Entry of Judgment Re: Objection to Removal" (Doc. 10).  On June

12, Removing Defendants filed an Opposition to Plaintiff's Objection to Removal.  On June 24, Plaintiff filed a Notice of Supplemental Authority and Arguments in Support of Objection for Removal (Doc. 12).  On June 26, Removing Defendants filed a Notice of Receipt of Plaintiff's Supplemental Arguments.

On July 8, 2014, Plaintiff filed a "Notice of Non-Receipt of Responsive Pleading by Maricopa County Attorney; Request for Copy and Time to Reply" (Doc. 15).  On July 9, Removing Defendants filed a Notice of Service (Doc. 16), indicating that they had sent Plaintiff another copy of their Opposition to his Objection to Removal.  On July 21, Plaintiff filed a Rule 12(f) Motion (Doc. 17), seeking to strike the Opposition.  On July 23, Removing Defendants filed a Notice of Receipt of Plaintiff's Motion to Strike.  On August 1, Plaintiff filed a Reply.

On August 1, 2014, Plaintiff also filed a Rule 4(m) Motion for Extension of Time or Suspension of Time Pursuant to 28 U.S.C. § 1915A Screening" (Doc. 20).  On August 19, Removing Defendants filed a Response to the Motion).  On August 20, Defendant Logan filed a Response to the Rule 4(m) Motion.

**I.    Removal, Objections, and Related Filings**

In their Notice of Removal, Removing Defendants seek to remove this case pursuant to 28 U.S.C. §§ 1441, 1443, and 1446.  They allege that Plaintiff's Amended Complaint alleges violations of Plaintiff's civil rights under 42 U.S.C. § 1983 and that this action is "properly removed pursuant to 28 U.S.C. §§ 1441(c), 1443, and 1446(b)." They claim that they and Defendant James Logan have executed waivers of service and mailed them to Plaintiff, that Defendant Logan consents to removal and that, upon information and belief, Defendants McCloskey and Hardy have not been served.

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction.  28 U.S.C. § 1441(a).  In his Amended Complaint, Plaintiff alleges, among other things, violations of his Fourth, Fifth, and Fourteenth Amendment rights.  This Court's jurisdiction extends to such claims.  *See* 28 U.S.C. § 1331 (a federal court has original

jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"). The Court has supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a) (court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). Removal, therefore, was proper pursuant to 28 U.S.C. § 1441(a).

### A.    Plaintiff's Objections to Removal

In his Objection to Removal, Plaintiff raises three objections to removal. First, he claims that Removing Defendants failed to obtain unanimity, as required by 28 U.S.C. § 1446(b). He contends that Defendants McCloskey and Hardy were served by first-class mail to their last-known mailing addresses, that this constitutes proper service, and that there is no unanimity because Defendants McCloskey and Hardy did not consent to removal or join in the removal. Second, Plaintiff claims that Removing Defendants did not cite to 28 U.S.C. § 1443 "with any particularity" and, therefore, it is improper for Removing Defendants to rely on § 1443 as an "additional or independent basis for removal." Third, Plaintiff asserts that if the Court retains jurisdiction over the federal claims in this lawsuit, the Court must stay this case to allow the state court to first proceed with the state law claims. He alleges that the state court has a "primary and strong interest in resolving this suit" because of "the fact-specific content, the parties being sued and the State constitutional questions presented."

In their Opposition to Plaintiff's Objection, Removing Defendants allege that the case was properly removed pursuant to 28 U.S.C. §§ 1441, 1443, and 1446, and that Defendants McCloskey's and Hardy's consent to removal is not required because those Defendants have not been properly served.

In his Notice of Supplemental Authority, Plaintiff alleges that Removing Defendants did not provide a "short and plain statement of the grounds for removal," as required by § 1446(a), and that the statutes on which Removing Defendants rely— §§ 1441(c), 1443, and 1446(b)—do not support removal.

1    In their Notice of Receipt of Plaintiff's Supplemental Arguments, Removing

2   Defendants allege that they reviewed Plaintiff's Notice of Supplemental Authority and

3   "determined that a supplement response is not required" because they "have already

4   provided a full response to Plaintiff's objection."

5    As explained in more detail below, Plaintiff's objections do not justify remanding

6   this action.  Thus, the Court will deny Plaintiff's Objection and Notice of Supplemental

7   Authority.

8    **1.    Defendants McCloskey's and Hardy's Consent was not**
    **Required**
9

10    Under 28 U.S.C. § 1446(b)(2)(A), when a civil action is removed under 28

11   U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in

12   or consent to the removal of action."  In his Objection to Removal, Plaintiff alleges that

13   Defendants did not unanimously consent to removal because Defendants McCloskey and

14   Hardy were properly served and did not consent to removal.   Plaintiff relies on a

15   document entitled "Acceptance of Service" (Doc. 1-1 at 8-9) that he filed in the Superior

16   Court.  In that document, he states that he mailed Defendants McCloskey and Hardy, by

17   first-class mail, "a copy of the Complaint, Notice of Lawsuit and Request for Waiver of

18   Summers, and a Waiver of Service of Summons for signature and return.  Plaintiff is

19   awaiting these responses and will notify the Court and other parties when these waivers

20   are returned or of any other result."

21    Rule 4.1(d) of the Arizona Rules of Civil Procedure governs service on an

22   individual.  Like Rule 4(e) of the Federal Rules of Civil Procedure, Rule 4.1(d) requires

23   service "upon an individual from whom a waiver has not been obtained and filed," by

24   delivering a copy of the summons and complaint "to that individual personally," by

25   leaving copies "at that individual's dwelling house or usual place of abode with some

26   person of suitable age and discretion residing therein," or by delivering copies "to an

27   agent authorized by appointment or by law to receive service of process."  Plaintiff

28   contends that both individuals were served by first-class mail delivered to their last

1    known mailing address.  This is not an appropriate means of service under either Rule

2    4.1(d) of the Arizona Rules of Civil Procedure or Rule 4(e) of the Federal Rules of Civil

3    Procedure.

4         Although both Arizona Rule of Civil Procedure 4.1(c)(2)(B) and Federal Rule of

5    Civil Procedure 4(d)(1)(G) authorize a plaintiff to notify a defendant "by first-class mail

6    or other reliable means" of the commencement of the action and request that the

7    defendant waive service of the summons, a defendant is not required to waive service.  If

8    a defendant does not waive service, then a plaintiff must properly serve the summons and

9    complaint.  *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 867-868 (8th Cir. 2000) (if a

10   plaintiff seeks waiver of service, but "the defendant does not waive service, service has

11   not been effected"); *Dietz v. Quality Loan Serv.e Corp. of Wash.*, 2014 WL 4546953, *1

12   (W.D. Wash. 2014) ("if the defendant does not return the waiver form, the plaintiff must

13   still serve the summons and complaint in a manner prescribed by Rule 4"); *Kotzev v.*

14   *Ryan*, 2011 WL 941333, *3 (D. Ariz. 2011) ("A request for waiver does not constitute

15   effective service."); *see also Lacey v. Malandro Commc'n, Inc.*, 2009 WL 4755399, *3

16   (D. Ariz. 2009) (under Arizona Rules of Civil Procedure, service was not effective until

17   defendants signed the waiver of service form); *Jenkins v. State*, 2008 WL 4356274, *1

18   n.1 (Ariz. Ct. App. 2008) ("a plaintiff is not relieved of the duty to effect service of

19   process merely because the defendant has not signed and returned the plaintiff's request

20   for waiver of service"); Fed. R. Civ. P. 4 Advisory Committee Notes to 1993

21   Amendments ("The revised rule is clear that, if the waiver is not returned and filed, . . .

22   the action will not otherwise proceed until formal service of process is effected.").

23   Defendants McCloskey and Hardy did not waive service and Plaintiff did not properly

24   serve them pursuant to Rule 4.1 of the Arizona Rules of Civil Procedure or Rule 4 of the

25   Federal Rules of Civil Procedure.

26        In addition, Plaintiff's reliance on Arizona Rule of Civil Procedure 5(c)(2)(c)

27   and Federal Rule of Civil Procedure 5(b)(2)(C) is misplaced.  Both Rules govern the service

28   of papers other than the complaint.  *See* Fed. R. Civ. P. 5(a)(1)(B) (noting that the rule

applies to "a pleading filed after the original complaint"); Ariz. R. Civ. P. 5(a) (applying the rule to "every pleading subsequent to the original complaint"); *Morgan v. Foreman ex rel. County of Maricopa*, 973 P.2d 616, 618-19 (Ariz. Ct. App. 1999) ("Rules 4 and 4.1, rather than Rule 5, control the service of a complaint."); *see also Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 995-96 (9th Cir. 2007) ("an amended complaint can often be served [under Rule 5] *if the original complaint is properly served and the defendants appeared in the first instance*") (emphasis added).

Because Defendants McCloskey and Hardy were not properly served, Removing Defendants were not required to obtain their consent to remove this action.

### 2. Citation to 28 U.S.C. §§ 1441(c) and 1443 is Not Fatal

In his Objection, Plaintiff alleges that Removing Defendants did not cite to 28 U.S.C. § 1443 "with any particularity." In his Notice of Supplemental Authority, Plaintiff alleges that Removing Defendants did not provide a "short and plain statement of the grounds for removal" and that the statutes on which Removing Defendants rely— §§ 1441(c), 1443, and 1446(b)—do not support removal.

"While it is the usual practice to cite the section of the United States Code under which an action is removed, failure to cite the proper section in a petition for removal is not a fatal defect where an adequate basis of removal is set forth." *Wormley v. Southern Pac. Transp. Co.*, 863 F. Supp. 382, 385 (E.D. Tex. 1994); *see also Harlem River Produce Co. v. Aetna Cas. & Sur. Co.*, 257 F. Supp. 160, 164 (S.D.N.Y. 1965) ("Failure to cite the section under which removal is sought is not a fatal defect, and at most is a technical defect where an adequate factual basis for removal is set forth").

Section 1446(a) only requires "a short and plain statement of the grounds for removal." The Notice of Removal complies with that requirement because it states that the Amended Complaint alleges violations of Plaintiff's federal civil rights. As previously noted, the Court has jurisdiction over such claims under 28 U.S.C. § 1331 and, therefore, removal was appropriate under § 1441(a). Removing Defendants' citation to

§§ 1441(c) and 1443, rather than § 1441(a), is, at most, a technical error, not a fatal defect, and does not require remand.

### 3.    A Stay is Inappropriate

There is no need to stay this case to allow the state court to decide the state law claims.  The Court has original jurisdiction over Plaintiff's federal law claims and will exercise supplemental jurisdiction over Plaintiff's state law claims.  This Court can decide both the federal and state claims.

### B.    Request for Entry of Judgment Re: Objection to Removal

In his Request for Entry of Judgment, Plaintiff requests that the Court remand this case because there was no unanimous consent to removal.  Because the Court has rejected this claim, the Court will deny the Request for Entry of Judgment.

### C.    Rule 12(f) Motion to Strike

In his Rule 12(f) Motion to Strike, Plaintiff requests that the Court strike Removing Defendants' Opposition to Plaintiff's Objection to Removal and, as a result, find that Removing Defendants have waived their opportunity to oppose remand of this case, and remand the case.

Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he court may order stricken from any *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  Rule 7(a) of the Federal Rules of Civil Procedure defines "pleadings" generally as complaints and answers.  Thus, a motion to strike filed pursuant to Rule 12(f) only permits the Court to strike pleadings, not motions, responses, or other papers. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike.").  Thus, the Court will deny the Rule 12(f) Motion to Strike.

### D.    Notice of Non-Receipt and Request for Copy and Time to Reply

In his July 8, 2014 "Notice of Non-Receipt of Responsive Pleading by Maricopa County Attorney; Request for Copy and Time to Reply," Plaintiff states that he did not

1    receive a copy of Removing Defendants' Opposition to his Objection to Removal and

2    requests that the Court order Removing Defendants to send him a copy of the Opposition

3    and provide him with an opportunity to reply to it.   On July 9, 2014, Removing

4    Defendants filed a Notice indicating that they had sent Plaintiff another copy of their

5    Opposition.   In lieu of a reply, Plaintiff filed his July 21, 2014 Rule 12(f) Motion to

6    Strike.   Thus, the Court will deny as moot Plaintiff's request in his Notice of Non-

7    Receipt.

8    **II.    Statutory Screening of Prisoner Complaints**

9         The Court is required to screen complaints brought by prisoners seeking relief

10   against a governmental entity or an officer or an employee of a governmental entity.  28

11   U.S.C. § 1915A(a).[1]   The Court must dismiss a complaint or portion thereof if a plaintiff

12   has raised claims that are legally frivolous or malicious, that fail to state a claim upon

13   which relief may be granted, or that seek monetary relief from a defendant who is

14   immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

15        A pleading must contain a "short and plain statement of the claim *showing* that the

16   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).   While Rule 8

17   does not demand detailed factual allegations, "it demands more than an unadorned, the-

18   defendant-unlawfully-harmed-me accusation."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678

19   (2009).   "Threadbare recitals of the elements of a cause of action, supported by mere

20   conclusory statements, do not suffice."  *Id.*

21        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

22   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

23   550 U.S. 544, 570 (2007)).   A claim is plausible "when the plaintiff pleads factual

24

25        [1] In his "Response to Defendants['] Screening Motion," Plaintiff takes issue with
26   the need for a screening order and also requests that he be given leave to amend if the
     Court identifies defects in his Amended Complaint.   Section 1915A(a) applies,
27   notwithstanding the fact that Plaintiff originally filed in state court. *See Wrinkles v.*
     *Davis*, 311 F. Supp. 2d 735, 737-738 (N.D. Ind. 2004).   Accordingly, the Court will
28   proceed to screen the Amended Complaint.   If Plaintiff wants to seek leave to amend his
     Amended Complaint after receiving this Order, he must follow the procedures in Rule
     15(a) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 15.1.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.    Amended Complaint**

In his Amended Complaint, Plaintiff sues the following Defendants: Maricopa County, Maricopa County Manager Tom Manos, Maricopa County Deputy Manager Sandy Wilson, Office of Public Defense Services (OPDS) Director James Logan, Michelle McCloskey, and Tammy Hardy.

Plaintiff alleges that he hired Defendants McCloskey and Hardy as a mitigation specialist and private investigator, respectively, for the post-conviction portion of his criminal case and provided them with private and confidential information and materials ("materials")[2] and access to those materials. Because Plaintiff was transferred from prison to jail to attend court proceedings and because Plaintiff needed access to his materials that had been stored at the prison, a state court judge granted Plaintiff funds for

---

[2] These materials include legal documents Plaintiff has filed with the courts; his legal notes and strategies; notes he took while meeting with his attorneys and other criminal defense personnel; law books, case law, scientific research materials, and notes he took after reading these items; transcripts, police reports, investigative reports, and medical and institutional records; correspondence between Plaintiff and his attorney and other criminal defense personnel; copies of attorney notes and printed e-mails; logs of correspondence and meetings with defense personnel; DVDs, VHS cassettes, and audio cassettes; draft affidavits; and other documents regarding his criminal defense.

a private storage facility.  The order for funding for a private storage facility was directed to OPDS.

After a private storage facility was reserved, Plaintiff consented to Defendant McCloskey obtaining Plaintiff's materials from the prison and delivering them to the storage facility.  In February 2013, Defendants McCloskey and Hardy transferred the materials to the storage facility.  Defendants McCloskey and Hardy and Plaintiff's then-attorney were given access to the storage unit to get materials from the storage unit for Plaintiff and return them to the storage unit.

The state court subsequently determined that there was a conflict of interest between Plaintiff and his attorney and Plaintiff attempted to obtain his files[3] from the attorney and Defendants McCloskey and Hardy.  Although the attorney gave Plaintiff's family members files, an access code to the storage facility, and a key to open the lock on the storage unit, the attorney informed them that Defendant McCloskey had retained some of Plaintiff's materials and had not returned them the attorney and that Defendant McCloskey also had a key to the storage unit.

On June 2, 2013, Plaintiff called Defendant McCloskey and left a message about arranging a meeting so Plaintiff's family members could pick up the materials Defendant McCloskey had retained.  Plaintiff spoke to Defendant McCloskey three days later and Defendant McCloskey stated that she was speaking on behalf of herself and Defendant Hardy and that they would not be returning any of the files or materials they had retained. Defendant McCloskey stated that she had spoken to Defendant Logan, whom she referred to as "Boss," and that they had agreed that Plaintiff would need to obtain a court order to obtain the files and materials.  Plaintiff also attempted to obtain the storage unit key from Defendant McCloskey.

Plaintiff filed a motion with the court seeking a return of the files and materials retained by Defendants McCloskey and Hardy, but neither Defendant filed a response to

---

[3] Plaintiff states that the attorney, Defendant McCloskey, and Defendant Hardy were given files compiled by prior defense personnel and by Plaintiff, and also had documents and information that were being contemporaneously developed.

1  the motion.  However, Defendant McCloskey spoke to Plaintiff by phone and informed

2  him that she had spoken to Defendant Logan regarding the issue and they had agreed that

3  Defendant Logan would take possession of the storage unit key and the contents of the

4  storage unit.  When Plaintiff attempted to dissuade Defendant McCloskey from doing

5  this, she became upset, yelled that she was not going to do what Plaintiff had asked,

6  stated that she was quitting the case, and yelled obscenities.

7        Plaintiff then contacted his sister, who made a three-way call to Defendant Logan.

8  Defendant Logan confirmed that he was taking control of the key and the storage unit and

9  that Plaintiff would need to obtain a court order to regain his materials.  Plaintiff told

10  Defendant Logan that it was Defendant Logan who needed court authorization to take

11  Plaintiff's materials.   As an explanation for his actions, Defendant Logan blamed

12  Plaintiff's former attorney for not making proper arrangements for Plaintiff's materials,

13  asserted that he had the authority to determine to whom he would return the materials,

14  and claimed that Plaintiff or anyone else was prohibited from entering the storage unit.

15  However, records from the storage facility show that someone accessed the storage unit

16  after the phone call.

17        Plaintiff filed a motion in the state court requesting that Defendant Logan return

18  his materials, Defendant Logan received a copy of the motion but did not respond, and,

19  due to the status of the case, the state court would not rule on the motion.  Plaintiff sent

20  an e-mail to Defendants McCloskey and Hardy requesting that they inventory the

21  materials they had retained.  Defendant McCloskey responded that she had given some of

22  the materials to Hardy to place in the storage unit, but had retained some other materials.

23  Defendant Hardy stated that she had none of Plaintiff's materials because she had placed

24  them in the storage unit.  Plaintiff contends that Defendant Hardy knew Defendant Logan

25  was intent on prohibiting Plaintiff from accessing the storage unit.  Plaintiff also contends

26  that Defendants McCloskey and Hardy subsequently "provide[d] contradictory

27  statements and actions . . . and/or gained access to [the] storage unit."

28  . . . .

1    Defendant Hardy contacted Plaintiff's new attorney to provide some of the
2  materials Defendant Hardy retained.   Plaintiff sent notices of claim to each of the
3  Defendants, but only Defendants McCloskey and Hardy replied.  Defendants McCloskey
4  and Hardy admitted that they had placed Plaintiff's materials in the storage unit
5  controlled by Defendant Logan and claimed to have no more of Plaintiff's materials.
6  Plaintiff contends their responses are misleading, contradict their earlier actions and
7  responses to his requests, and do not identify when they last accessed the storage unit.

8    Plaintiff contends that he is the rightful owner of the materials, that Defendants
9  McCloskey and Hardy were granted special access to his materials, and that, at the end of
10  their employment with Plaintiff, abused their access by giving Plaintiff's materials to the
11  government and knowingly providing assistance to the government in seizing and
12  controlling Plaintiff's materials.   Plaintiff claims Defendant Logan abused his
13  governmental position to seize and control Plaintiff's materials and that he and
14  Defendants McCloskey and Hardy conspired or otherwise agreed to deprive Plaintiff of
15  his materials.  Plaintiff contends that Defendants Manos and Wilson failed to properly
16  supervise Defendant Logan and ratified Defendant Logan's actions because they refused
17  to take corrective action after they became aware of his actions.

18    In his First Claim for Relief, Plaintiff alleges that Defendant Logan, without legal
19  authority, interfered with Plaintiff's private affairs, in violation of the Fourth Amendment
20  and article II, section 8 of the Arizona Constitution, by taking possession of Plaintiff's
21  materials, deciding what would happen to the materials and who could receive them, and
22  usurping Plaintiff's decision-making abilities regarding his private affairs.  In his Second
23  Claim for Relief, Plaintiff asserts that he was subjected to an unconstitutional seizure in
24  violation of the Fourth Amendment and article II, section 8 of the Arizona Constitution.
25  Plaintiff claims that he cannot access his materials because Defendants seized his
26  materials without a warrant or probable cause, that Defendants McCloskey and Hardy
27  were engaged in joint action with government officials, and that Defendants have to legal
28  right to retain the materials or keep them from Plaintiff.

In his Third Claim for Relief, Plaintiff asserts that he was denied procedural due process in violation of the Fifth and Fourteenth Amendments and article II, section 4 of the Arizona Constitution.   Plaintiff contends Defendants failed to provide him with written notice and a pre-deprivation hearing before depriving him of his materials; there was no basis for postponing the hearing until after the deprivation had occurred; his possessory interests in his property were affected by their actions; and the procedures used by Defendants posed an unnecessary and high risk of erroneous deprivation.

In his Fourth Claim for Relief, Plaintiff alleges violations of his substantive due process rights.   Plaintiff contends that Defendant Logan used his position to seize Plaintiff's materials without an implicit, express, or governmental interest; conspired with Defendants McCloskey and Hardy to obtain a key to Plaintiff's storage unit and assert ownership and control over the storage unit and the materials in it, knowing that the state court would not rule on any motion filed by Plaintiff; took advantage of Plaintiff's low socioeconomic position; and acted oppressively, tyrannically, arbitrarily, and in a conscience-shocking manner.   In his Fifth Claim for Relief, Plaintiff contends that he is entitled to preliminary and permanent injunctive relief.

Plaintiff also claims that Defendants Mano and Wilson ignored their fiduciary responsibilities, chose not to get involved, and, by their indifference, acquiesced to, condoned, and ratified Defendant Logan's conduct.   Plaintiff also claims that Defendant Maricopa County is liable because Defendants Manos and Wilson have the authority to set or terminate municipal plans and events and because Defendant Logan can appropriate County resources and create and enforce policy on behalf of Maricopa County.

In his Prayer for Relief, Plaintiff seeks declaratory and injunctive relief, monetary damages, his costs of suit, and pre- and post-judgment interest.

. . . .

. . . .

. . . .

**IV.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated claims against Defendants Maricopa County, Logan, McCloskey, and Hardy in his First, Second, Third, and Fourth Claims for Relief.  The Court will require these Defendants to answer those claims.

**V.     Failure to State a Claim**

**A.     Defendants Manos and Wilson**

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*   "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff contends that Defendants Manos and Wilson failed to properly supervise Defendant Logan and ratified Defendant Logan's actions by refusing to take corrective action after they became aware of his actions.  Plaintiff does not identify why Defendants Manos and Wilson were responsible for supervising Defendant Logan's actions, how or when they failed to supervise Defendant Logan, how or when they became aware of his action, or how or when they refused to take corrective action.   Because Plaintiff's allegations are too vague and conclusory to state a claim against Defendants Manos and Wilson, the Court will dismiss them without prejudice.

**B.     Fifth Claim for Relief**

Plaintiff's Fifth Claim for Relief is a request for injunctive relief, not a separate ground for relief.  Thus, the Court will dismiss it, without prejudice.  If Plaintiff wants to seek a preliminary injunction, he should do so by filing a motion pursuant to Rule 65(a) of the Federal Rules of Civil Procedure.

1    **VI.    Motion to Seal and Rule 65(b) Motion**

2          **A.    Motion to Seal**

3          In his Motion to Seal, Plaintiff requests that his Rule 65(b) Motion be filed "under

4    seal/*ex-parte*" because it contains "confidential matters that are privileged" and that

5    "sealing the motion is appropriate because the motion and attachments contain sensitive

6    information in regards to the case."   The Court has reviewed the Rule 65(b) Motion and

7    the attachments and finds that none of the information contained therein is privileged or

8    sensitive information.

9          Ordinarily, if a request to file under seal is denied in full, the lodged document

10   will not be filed and "the submitting party may, within five (5) days of the entry of the

11   order denying the request, resubmit the document for filing in the public record." LRCiv

12   5.6(e).   In an effort to move this case forward and because the Rule 65(b) Motion is

13   deficient, the Court, it its discretion, will grant the Motion to Seal rather than require

14   Plaintiff to refile a deficient motion that will ultimately be denied.   Moreover, the Court

15   finds no basis for filing this Order under seal because, in denying the Rule 65(b) Motion,

16   the Court makes no reference to the contents of the Rule 65(b) Motion.

17         **B.    Rule 65(b) Motion**

18         Whether to grant or deny a motion for a temporary restraining order or preliminary

19   injunction is within the Court's discretion.  *See Miss Universe, Inc. v. Flesher*, 605 F.2d

20   1130, 1132-33 (9th Cir. 1979).   A temporary restraining order can be issued without

21   notice

22             only if: (A) specific facts in an affidavit or a verified complaint show
             that immediate and irreparable injury, loss, or damage *will result to*
23            *the movant before the adverse party can be heard in opposition*; and
             (B) the movant's attorney certifies in writing any efforts made to
24            give notice and the reasons why it should not be required.

25

26   Fed. R. Civ. P. 65(b)(1) (emphasis added).   *See also* LRCiv 65.1 ("*Ex parte* restraining

27   orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.").

28   . . . .

1      Plaintiff has not shown that he will suffer irreparable injury before Defendants can

2 be heard in opposition. Because the Rule 65(b) fails to comply with Rule 65(b)(1), the

3 Court, in its discretion, will deny without prejudice the Rule 65(b) Motion. *See* LRCiv

4 65.1. *See also American Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984)

5 (district court abused its discretion in granting *ex parte* temporary restraining order

6 "when there was no valid reason for proceeding *ex parte* and by disregarding the strict

7 procedural requirements of Fed. R. Civ. P. 65(b) for the issuance of such *ex parte*

8 orders"); *Adobe Systems, Inc. v. South Sun Products, Inc.*, 187 F.R.D. 636 (S.D. Cal.

9 1999).

10 **VII.   Rule 4(m) Motion for Extension of Time or Suspension of Time**

11      In his Rule 4(m) Motion, Plaintiff seeks an extension of time to serve the un-

12 served Defendants until after the Court completes its statutory screening of the Amended

13 Complaint. The Court will grant the Rule 4(m) Motion. This Order will direct the

14 United States Marshal to serve Defendants McCloskey and Hardy and will provide

15 Plaintiff with information regarding the service procedure.

16 **VIII.  Warnings**

17      **A.    Address Changes**

18      Plaintiff must file and serve a notice of a change of address in accordance with

19 Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion

20 for other relief with a notice of change of address. Failure to comply may result in

21 dismissal of this action.

22      **B.    Copies**

23      Plaintiff must serve Defendants, or counsel if an appearance has been entered, a

24 copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a

25 certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also,

26 Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv

27 5.4. Failure to comply may result in the filing being stricken without further notice to

28 Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion to Seal (Doc. 5) is **granted**.   The Rule 65(b) Motion (Doc. 6) must be **filed under seal**.

(2)     Plaintiff's Rule 65(b) Motion is **denied without prejudice**.

(3)     Plaintiff's Objection to Removal (Doc. 9) and Notice of Supplemental Authority and Arguments in Support of Objection for Removal (Doc. 12) are **denied**.

(4)     Plaintiff's "Request for Entry of Judgment Re: Objection to Removal" (Doc. 10) is **denied**.

(5)     Plaintiff's "Notice of Non-Receipt of Responsive Pleading by Maricopa County Attorney; Request for Copy and Time to Reply" (Doc. 15) is **denied as moot**.

(6)     Plaintiff's Rule 12(f) Motion (Doc. 17) is **denied**.

(7)     Plaintiff's Rule 4(m) Motion for Extension of Time or Suspension of Time Pursuant to 28 U.S.C. § 1915A Screening" (Doc. 20) is **granted**.

(8)     Plaintiff's Fifth Claim for Relief is **dismissed** without prejudice.

(9)     Defendants Manos and Wilson are **dismissed** without prejudice.

(10)     Defendants Maricopa County, Logan, McCloskey, and Hardy must answer Plaintiff's First, Second, Third, and Fourth Claims for Relief.

(11)     The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. 1-1 at 21-47), this Order, and both summons and request for waiver forms for Defendants McCloskey and Hardy.[4]

---

[4] Although an attorney has filed a Notice of Appearance on behalf of Defendant Hardy, it is not clear whether Defendant Hardy has been served or has waived service.

(12)   Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(13)   If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on Defendants McCloskey and Hardy within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(14)   The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(15)   The United States Marshal must notify Defendants McCloskey and Hardy of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a)   personally serve copies of the Summons, Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant

1    pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise

2    ordered by the Court.

3        (16)   **A Defendant who agrees to waive service of the Summons and**

4    **Amended Complaint must return the signed waiver forms to the United States**

5    **Marshal, not the Plaintiff.**

6        (17)   Defendants Maricopa County, Logan, McCloskey, and Hardy must answer

7    the Amended Complaint or otherwise respond by appropriate motion within the time

8    provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil

9    Procedure.

10        (18)   Any answer or response must state the specific Defendant by name on

11    whose behalf it is filed.  The Court may strike any answer, response, or other motion or

12    paper that does not identify the specific Defendant by name on whose behalf it is filed.

13        (19)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to

14    Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

15    authorized under 28 U.S.C. § 636(b)(1).

16        Dated this 27th day of October, 2014.

17

18                                          Honorable Steven P. Logan
                                            United States District Judge
19

20

21

22

23

24

25

26

27

28